NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
ANDRES FERNANDEZ,                        :
:
    Plaintiff,                      :
:      Civil Action No. 06-3659 (JAG)
    v.                              :
:      **OPINION**
BLACK MILLWORK CO.,                      :
:
    Defendant.                      :
_____:

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on the unopposed motion for summary judgment, pursuant to FED. R. CIV. P. 56, filed by Defendant Black Millwork Co. ("Defendant"). For the reasons set forth below, Defendant's motion is granted.

### I. BACKGROUND

    Plaintiff Andres Fernandez ("Plaintiff") was employed as a truck driver for Defendant Black Millwork Co. from March 19, 2001 to September 13, 2005. (Def.'s Br. in Supp. of Mot. for Summ. J ("Def.'s Br.") 2; see also Certification of M. Elizabeth Duffy ("Duffy Certif.") Ex. A at Tab 14.) As an employee of Black Millwork Co., Plaintiff was a member of the United Automobile, Aerospace and Agriculture Implement Workers of America, Local 260. (Def.'s Br. 2.) The Union negotiated Plaintiff's terms and conditions of employment, and represented his interests in grievances. (Id.)

    Beginning in November 2001, Defendant instituted a number of disciplinary actions

against Plaintiff.  First, on November 16, 2001, Plaintiff was involved in an accident with another truck and, on November 19, 2001, Defendant issued a written warning for carelessness. (Def.'s Statement of Material Facts ("SMF") ¶ 11; see also Duffy Certif. Ex. A at Tab 4.)  On February 5, 2002, Plaintiff received a written warning for tardiness.  (SMF ¶ 12; see also Duffy Certif. Ex. A at Tab 5.)  Next, in violation of Defendant's policies, Plaintiff permitted a customer to cancel an order without receiving prior authorization from a supervisor.  (SMF ¶ 13; see also Duffy Certif. Ex. A at Tab 6.)  Plaintiff received a written warning for this infraction.  (SMF ¶ 13; see also Duffy Certif. Ex. A at Tab 6.)

Plaintiff appeared to have corrected his behavior and did not receive another written warning for approximately two years.  Then, on September 3, 2004, Plaintiff decided to take a different truck than that which was assigned to him, and was written up for insubordination. (SMF ¶ 14; see also Duffy Certif. Ex. A at Tab 7.)  On December 6, 2004, Plaintiff was involved in a second accident with a company truck, and received a written warning with a sanction of three months of probation.    (SMF ¶ 17; see also Duffy Certif. Ex. A at Tab 9.)  Next, Defendant learned that Plaintiff was not efficient in making deliveries, and seemed to "wast[e] time [while] on the road."  (Duffy Certif. Ex. A at Tab 10.)  On February 8, 2005, Plaintiff met with his supervisors and his union representative regarding his behavior.  (Id.; see also  SMF ¶ 17.)

Several months later, in August 2005, Plaintiff received two written warnings, and six months probation, as punishment for two unauthorized absences.  (SMF ¶¶ 18-19; see also Duffy Certif. Ex. A at Tabs 11-12.)  Just weeks later, on August 19, 2005, Defendant received a customer complaint relating to Plaintiff's conduct during a delivery.  (Duffy Certif. Ex. A at Tab 13.)  One week later, on August 26, 2005, Plaintiff failed to notify his supervisor of problems

concerning another delivery. (Id.) Plaintiff had received similar complaints previously, and had been informed by his supervisors about the protocol for deliveries. (Id.) As a result of these policy violations, Plaintiff received a final warning and three-day suspension for "continued failure to meet quality [] standards of the company." (SMF ¶ 20.) The suspension also imposed a twelve month probationary period. (Duffy Certif. Ex. A at Tab 13.)

Less than one month later, on September 8, 2005, Plaintiff violated another company policy, which required employing particular verification procedures for its client, the Home Depot. (SMF ¶ 21; see also Duffy Certif. Ex. A at Tab 14.)

As a result of the litany of violations and infractions, Plaintiff was terminated on September 13, 2005. (Duffy Certif. Ex. A at Tab 14.) Following his termination, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Def.'s Br. 8 n.1.) On May 17, 2006, Plaintiff received from the EEOC a dismissal and notice of rights letter, informing him that "[b]ased upon its investigation, the EEOC [was] unable to conclude that the information obtained establishe[d] violations of the statutes." (Compl. 6.) Subsequently, Plaintiff filed the case sub judice on August 4, 2006. (See generally Compl.) On December 10, 2007, Defendant moved for summary judgment. (See generally Def.'s Mot. for Summ. J.)

### III.  STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56 when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute

is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). This Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

"If the motion does not establish the absence of a genuine factual issue, the district court

should deny summary judgment even if no opposing evidentiary matter is presented." Foster v. Morris, 208 Fed. App'x 174, 179 (3d Cir. 2006). This Court will not grant the entry of summary judgment without considering the merits of the unopposed motion.[1] See Virgin Records Am., Inc. v. Trinidad, No. 06-5914, 2007 U.S. Dist. LEXIS 88386, at *7 (D.N.J. Dec. 3, 2007) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

## IV. DISCUSSION

Plaintiff alleges, in the Complaint, that he "was [the] victim [of] unlawful[] employment practices, fraud, false statements, and depriv[ed] of benefits." (Compl. 5.) As a result of these alleged practices, Plaintiff states that he now has a permanent medical condition, has been, and continues to be, under the care of a psychiatrist, and has been prescribed medication. (Id.) Plaintiff also claims that his employer's conduct is discriminatory with respect to his national origin. (Id. at 3.) "A document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citation omitted). This Court shall liberally construe the Complaint as alleging a claim for disability discrimination, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117 (2008), and discrimination based on his national origin, pursuant to Title VII of the Civil

---

[1] Plaintiff did not file an opposition to Defendant's motion for summary judgment. This Court shall accept as true all facts raised in the Rule 56.1 Statement of Material Facts. See Purdy v. Pa. Pub. Util. Comm'n, No. 05-1294, 2007 U.S. Dist. LEXIS 80225, at *1 (M.D. Pa. Oct. 30, 2007); Virgin Records, 2007 U.S. Dist. LEXIS 88386, at *9. This Court notes that Defendant filed a Certificate of Service with its motion for summary judgment (see Mot. for Summ. J. 34), and has no reason to believe that Plaintiff did not receive the motion or corresponding papers. In fact, just four days after Defendant filed its motion, Plaintiff filed his own motion for reconsideration of this Court's order denying the appointment of pro bono counsel. (See generally Mot. for Recons.) Plaintiff has been an active participant in this matter.

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to e-17 (2008).

**A.     Americans with Disabilities Act Claim**

"Claims pursuant to the ADA are analyzed under the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). In order to make out the prima facie case under the ADA, a plaintiff must show that he (1) has a 'disability;' (2) is a 'qualified individual;' and (3) has suffered an adverse employment action because of that disability." Robinson v. Lockheed Martin Corp., 212 F. App'x 121, 123 (3d Cir. 2007) (internal citations omitted).

To demonstrate that he has a disability, Plaintiff must show that: "(1) he has a physical or mental impairment that substantially limits one or more major life activities; (2) he has a record of such impairment; or (3) he was 'regarded as' having such an impairment by [his employer]." See id. (citing Marinelli v. City of Erie, Pa., 216 F.3d 354, 359 (3d Cir. 2000)). Major life activities are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). A person is substantially limited in performing a major life activity if the person is

> unable to perform a major life activity that the average person in the general population can perform; or [is] significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity.

Id. § 1630.2(j). The standard for qualifying as a person with a disability is demanding. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195 (2002).

If Plaintiff succeeds in setting forth a prima facie case for discrimination, the burden then shifts to Defendant to show a legitimate, nondiscriminatory reason for the adverse employment

action. McDonnell Douglas, 411 U.S. at 802. If Defendant can point to such a reason, the burden then shifts back to Plaintiff to prove that Defendant's explanation is pretextual. Id.

Plaintiff fails to make out a prima facie case under the ADA. There is a dearth of evidence in the record to support a conclusion that Plaintiff is a person with a disability. The closest that this Court comes to reaching such a result occurs upon consideration of Plaintiff's statement that because of the alleged unlawful employment practices, he now has a permanent medical condition. (Compl. 5.) However, there exists no evidence in the SMF demonstrating that Plaintiff is indeed a person with a disability. In fact, the SMF provides evidence that while Plaintiff took medical leave from March 9, 2005 to April 7, 2005, he returned to work on April 7, 2005, without any restrictions imposed by his doctor.[2] (SMF ¶¶ 8-9.) Moreover, "Plaintiff did not submit any doctor's notes, or request any medical leave or accommodation after April 7, 2005. (Id. at ¶ 10.) This Court will not imply a disability, on a motion for summary judgment, where the record lacks evidence supporting that one exists. Without any evidence that Plaintiff is a person with a disability, he cannot satisfy the threshold for establishing a prima facie case.

Even if this Court found that Plaintiff had set forth facts sufficient to satisfy the prima facie elements, he has neither alleged nor set forth any facts demonstrating that Defendant's legitimate, nondiscriminatory explanation for Plaintiff's termination, an employment action that may qualify as being adverse, is pretextual. Defendant notes Plaintiff's extensive disciplinary history in support of its decision to terminate Plaintiff. (SMF ¶¶ 11-21; see also Duffy Certif. Ex.

---

[2] Defendant attaches a worker's compensation claim and New Jersey Temporary Disability Benefits Claim, both submitted by Plaintiff, alleging that he had suffered from a job-induced anxiety and/or panic attack on February 9, 2005. (Duffy Certif. Exs. F and G.) Plaintiff took a one month leave of absence and returned after being cleared by his doctor. (Id. Ex. A at Tab 3.)

A.) Plaintiff received ten written warnings for violations of Defendant's policies and procedures for its employees, five of which occurred within one and a half months of his termination. (SMF ¶¶ 11-21; see also Duffy Certif. Ex. A.) This Court grants Defendant's motion for summary judgment as to Plaintiff's disability discrimination claim.

**B.     Title VII National Origin Discrimination Claim**

A plaintiff may not file a Title VII suit in federal court without first exhausting all avenues for redress at the administrative level, pursuant to 42 U.S.C. § 2000e-16(c). Francis v. Mineta, 505 F.3d 266, 272 (3d Cir. 2007); Doe v. Winter, No. 04-2170, 2007 U.S. Dist. LEXIS 25517, at *13 (E.D. Pa. Apr. 5, 2007). This prerequisite, akin to a statute of limitations, mandates dismissal of the Title VII claim if Plaintiff files the claim before receiving a right to sue notice. Story v. Mechling, 214 F. App'x 161, 163 (3d Cir. 2007) (holding that plaintiff may not proceed with Title VII claim because he neither received a right to sue letter nor submitted evidence indicating that he requested a right to sue letter); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Without first affording the EEOC an opportunity to review and conciliate the dispute, a plaintiff may not seek relief in federal court for his Title VII claim. Burgh, 251 F.3d at 470.

Next, to establish a prima facie case of discrimination under Title VII, a plaintiff must demonstrate that: (1) the plaintiff belongs to a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action despite being qualified; and (4) after the adverse employment action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. McDonnell Douglas, 411 U.S. at 802; see also Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 539 (3d

Cir. 2006). "[T]here is a low bar for establishing a prima facie case of employment discrimination." Scheidemantle, 470 F.3d at 539.

As stated above, if Plaintiff is successful in establishing a prima facie case for discrimination, Defendant must then offer a legitimate, nondiscriminatory reason for Plaintiff's termination. McDonnell Douglas, 411 U.S. at 802. Upon such a showing, the burden shifts back to Plaintiff to prove that Defendant's explanation is pretextual. Id.

Here, Plaintiff received a right to sue letter (Compl. 6); however, he cannot establish a prima facie case of discrimination based on his national origin. Defendant's Brief in Support of its Motion for Summary Judgment indicates that Plaintiff is Hispanic, a protected class, and this Court recognizes that Plaintiff's termination may constitute an adverse employment action. Nevertheless, there exists no evidence in the record demonstrating that Plaintiff was qualified for his position, or that Defendant sought to fill his vacant position by hiring an individual with similar qualifications. In the absence of such evidence, this Court is compelled to enter judgment in favor of Defendant.[3]

## V. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment, pursuant to FED. R. CIV. P. 56, is granted.

Date: September 12, 2008

                                    S/Joseph A. Greenaway, Jr.
                                    JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[3] As this Court notes in Section IV.A, even if Plaintiff had established a prima facie case for discrimination based on his national origin, he has not provided any evidence to rebut Defendant's legitimate nondiscriminatory reason for its employment decision.

9